590 P.2d 1012

Earl W. **HUTCHISON** and Myrtle Hutchison, husband and wife, Plaintiffs-Respondents,

v.

Harold J. **KELTON** and Betty Lee Kelton, husband and wife, Defendants-Appellants.

No. 12717.

Supreme Court of Idaho.

Feb. 21, 1979.

James J. May and Jay D. Sudweeks of May, May, Sudweeks & Shindurling, Twin Falls, for defendants-appellants.

Paul M. Beeks of Smith & Beeks, Twin Falls, for plaintiffs-respondents.

PER CURIAM.

Plaintiffs filed their complaint alleging that the defendants failed to properly care for cattle leased by the plaintiffs to the defendants and claimed damages of $15,178.47.

Defendants filed their counterclaim setting up several causes of action. The first cause of action was for $50 for one-half of the cost of preparation of the written cattle lease. Plaintiffs admitted that debt in their reply. The court entered a judgment on the pleadings in favor of the defendants and against the plaintiffs for $50 plus legal rate of interest.

The balance of the defendants' counterclaim alleged damages against the plaintiffs in the sum of $89,000.

After a trial, the jury returned a verdict finding against plaintiffs on their complaint, and against defendants on the balance of their counterclaim. Defendants submitted a cost bill for $13,719.65, which was based on filing fees, deposition costs, witness fees and mileage, expert witness fees, Sheriff's service fees, and attorney's fees. Plaintiffs filed written objection thereto on the ground that the defendants were not the prevailing parties, attorney's fees were not legally recoverable, the claim for attorney's fees was unreasonable, and the fees of eight various witnesses should not be allowed because their testimony was merely cumulative. The district court, in denying defendants' claim for costs, held that neither party prevailed, and under the circumstances of the case, it would be an abuse of discretion to allow attorney's fees.

The defendants have appealed presenting the sole issue as whether or not the trial court abused its discretion in disallowing costs and more specifically, attorney's fees.

The defendants contend that they were the prevailing parties and should be allowed costs as a matter of right, pursuant to I.R.C.P. 54(d)(1)(A) which provides as follows, to-wit:

Parties Entitled to Costs. Except when otherwise limited by these rules, costs shall be allowed as a matter of right to the prevailing party or parties, unless otherwise ordered by the court.

I.R.C.P. 54(d)(1)(B) defines prevailing party as follows:

Prevailing Party. In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties, whether there were multiple claims, multiple issues, counterclaims, third party claims, cross-claims, or other multiple or cross issues between the parties, and the extent to which each party prevailed upon each of such issues or claims. The trial court in its sound discretion may determine that a party to an action prevailed in part and did not prevail in part, and upon so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained.

The thrust of the defendants' contention is that they did recover $50 on one of their causes of action in their counterclaim whereas, the plaintiffs recovered nothing, and that they successfully defended against the plaintiffs' complaint. As to their loss on their counterclaim, they explain that the counterclaim was compulsory in nature, and utilized as a defensive measure.

We have examined the record presented to us and it would appear that the trial court did not err in concluding that neither party prevailed, and, therefore, costs and attorney's fees were properly denied. *Lisher v. Krasselt,* 96 Idaho 854, 538 P.2d 783 (1975).

The order of the trial court is affirmed. Costs to respondents.