634 P.2d 623

**Frank ODZIEMEK, Plaintiff-Appellant,**

v.

**Dan Lee WESELY,
Defendant-Respondent.**

**No. 13555.**

Supreme Court of Idaho.

June 25, 1981.

Rehearing Denied Oct. 30, 1981.

Donald W. Lojek of Parkinson, Lojek & Penland, Boise, for plaintiff-appellant (on appeal only).

John L. King of King & Morris, Boise, for defendant-respondent.

SHEPARD, Justice.

This is an appeal from a judgment following a jury verdict. The verdict was in favor of plaintiff Odziemek, but awarded him only nominal damages of $1.00. Judgment was entered awarding defendant Wesely costs of $874.25 and attorney fees of $5,868. We affirm.

Odziemek alleged Wesely had assaulted and battered him and sought general damages of $200,000, punitive damages of $50,-000, and special damages of approximately $1,000. Wesely answered denying the allegations and requested attorney fees pursuant to I.C. § 12–121. Wesely, approximately 47 days prior to trial, made an offer of judgment in the amount of $1,700, but that offer was refused.

Following the jury verdict, Wesely submitted a memorandum of costs and affidavit in support of reasonable attorney fees, to which Odziemek objected. Oral argument was held thereon, following which the court, under the provisions of I.R.C.P. 54(d)(1)(B), held that Wesely was the prevailing party and awarded him costs and attorney fees.

I.R.C.P. 54(d)(1)(B) provides that costs shall be allowed as a matter of right to the prevailing party or parties unless otherwise ordered by the court and further provides that in determining which party to an action is a prevailing party and therefore entitled to costs, "the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties...." Here the trial court clearly held that pursuant to I.R.C.P. 54(d)(1)(B), Wesely was the prevailing party. In considering the relief sought by the respective parties and the relief received by each party, we find no abuse of discretion by the trial court in determining that Wesely was the prevailing party. Hence, the trial court's award of costs to Wesely was proper. I.R.C.P. 68 clearly provides that a party tendering offer of judgment is entitled to those costs accrued following his offer of judgment where, as here, the damages awarded are less than the offer of judgment.

It is clear from the record that the award of attorney fees to Wesely was made pursuant to I.C. § 12–121. Wesely, in his answer, specifically sought attorney fees pursuant to I.C. § 12–121 and counsel for both parties in oral arguments and in written memoranda submitted to the trial court, submitted the matter of the award of attorney fees within the context of and pursuant to I.C. § 12–121.

The trial court here properly determined that Wesely was the prevailing party and I.C. § 12–121 authorizes the trial judge to award reasonable attorney fees to the prevailing party. The record before us discloses no indication of trial court abuse in either the award of or in the amount of attorney fees. This Court in *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979), and in *Futrell v. Martin*, 100 Idaho 473, 600 P.2d 777 (1979), held that attorney fees on *appeal* would only be awarded when the Court is left with the abiding belief that the *appeal* was brought, pursued or defended frivolously, unreasonably or without foundation. However, that standard was not imposed upon the trial courts for causes of action filed prior to the effective date of I.R.C.P. 54(e) (March 1, 1979), and, in fact, in both *Minich* and *Futrell* the trial court's award of attorney fees was affirmed without imposing the standard now contained in I.R.C.P. 54(e)(1).

The judgment is affirmed. Costs to respondents.

BAKES, C. J., and DONALDSON, J., concur.

McFADDEN, Justice, dissenting.

Appellant sets forth as an issue on appeal whether I.R.C.P. 54(d) has been violated by a trial court which fails to make any findings as to why costs and fees have been granted. Appellant points to the provisions of I.R.C.P. 54(e) as well, but I am in agreement with the majority that 54(e) is not applicable to this case. However, I.R.C.P. 54(d)(1)(B) does support what I believe to be appellant's contention.

I.R.C.P. 54(d)(1)(B) provides in part that the trial court may determine who "prevailed" in an action and "upon so finding," apportion costs.[1] The conclusion which party in an action ultimately prevailed, or prevailed for the purposes of costs and fees, is not always as apparent as it might be thought. For example, 6 Moore's Federal Practice ¶ 54.70[4] discusses at length the various problems possible in making this determination.

Clear, too, is the fact that the determination of prevailing party called for by I.R.C.P. 54(d)(1)(B) is committed to the sound discretion of the trial court. Thus, such a determination is subject to appellate review for abuse of that discretion. It is in this regard that I find the failure of the trial court to make findings concerning costs, fees,[2] and the prevailing party troublesome.

In my view, the determination of which party prevailed, made by the court independent of the jury, comes within the parameters of I.R.C.P. 52(a) which states in pertinent part:

"Findings by the court—Effect. —In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct entry of the appropriate judgment . . . ."

The applicability and function of the rule has been stated as follows:

"Rule 52(a) requires findings of fact and conclusions of law to be made 'in all actions tried upon the facts without a jury' . . . . In brief, where the trial court must make a factual determination in arriving at a judgment there are to be findings of fact and conclusions of law in the civil actions to which Rule 52 is applicable . . . . In determining the applica-

---

1. Though not directly involved here, the language in I.R.C.P. 54(d)(1)(D) is even more explicit concerning the need to make express findings in support of an award of discretionary costs.

2. In my opinion, this would include findings as to the amount of fees awarded as well as to whom.

bility of Rule 52 two things should be borne in mind: the purposes of findings of fact and conclusions of law; and the civil actions to which the . . . Rules are applicable in whole or in part.

The purpose of findings of fact and conclusions of law is to aid the trial court in making a correct factual decision and a reasoned application of the law to the facts; to define for the purposes of res judicata and estoppel by judgment the issues then adjudicated; and to aid the appellate court." 5A Moore's Federal Practice ¶ 52.03[3].

The benefits of the rule are properly called for whenever the court is the finder of the relevant facts involved in a decision. That is, when a judgment turns in part upon a factual determination, the rule provides for explanation and clarification, not only to guide the decision of the trial court, but to afford to the reviewing appellate court a clear understanding of the grounds upon which the judgment is based.

Here the trial court merely held the defendant to be the prevailing party under I.R.C.P. 54(d)(1)(B). There is no amplification of the factual basis of that determination, and it is thus incapable of being reviewed by this court as to whether or not such determination was an abuse of discretion.[3] I would remand for sufficient findings.

BISTLINE, Justice, dissenting.

We have here a case where the jury found in favor of the plaintiff on the primary issue—that of liability. Had the jury's decision on that issue gone for the defendant the secondary issue of damages would not have been reached. So it is with all such cases; the defendant will be said to have prevailed in the action when the jury decides the primary issue in the defendant's favor. That should be the beginning and the end of the Court's opinion. Unfortunately it is not. The Court, in addition to

unconstitutionally entering into the field of allowing attorney's fees, which it did by attempting to improve upon the legislature's I.C. § 12–121, and which it did by allowing attorney's fees as punitive damages, *Cox v. Stolworthy*, 94 Idaho 683, 496 P.2d 682 (1972); *Jolly v. Puregro*, 94 Idaho 702, 496 P.2d 939 (1972) (see dissenting opinions of Justice McQuade), now opens up for more litigation the determination of "just who was the prevailing party?"

Believing that today's opinion is not supported in precedent or in logic, I am impelled to briefly state the authorities which bring me to dissent.

The Court's approach is observed as being a two-step analysis—first, that the defendant was the prevailing party for the purpose of awarding costs and, secondly, that it thus follows that he was also the prevailing party for the purpose of awarding attorney's fees.

I.

COSTS

The majority opinion takes a stand which is contrary to the immediately apparent result and, in fact, is also contrary to the relevant precedent. Under Federal Rule 54(d), which is representative of the usual approach to awarding costs, courts may not award costs to a party who does not obtain an affirmative judgment in its favor. As stated in Moore's Federal Practice, § 54.-70(4), at 1306–07 (Supp. 1980–81), "[i]n general, a party in whose favor judgment is rendered by the district court is the prevailing party in that court. . . . Although a plaintiff may not sustain his entire claim, if judgment is rendered for him he is the prevailing party." (Citations omitted.) While the trial court under the federal rule has the discretion to deny costs to a prevailing party, and that discretion may well be exercised where the ultimate award is substantially less than the damages sought,

---

**3.** The abuse of discretion standard applies to the determination of which party prevailed, obviously, if the court had entered findings, those findings would be evaluated under the "unless

clearly erroneous" standard provided for by I.R.C.P. 52(a) as interpreted and applied by this court.

this does *not* give a court the authority to award costs to a party who does *not* have a judgment in its favor. *See Three-Seventy Leasing Corp. v. Ampex Corp.*, 528 F.2d 993, 998–99 (5th Cir. 1976) (district court does not have power to award costs to defendants even though plaintiffs won only nominal damages).

Similarly, the general rule governing cost awards as stated in 20 Am.Jur.2d *Costs* § 15 at 14 (1965) is:

> "[T]hat the successful or prevailing party in an action at law is entitled to recover costs, even though he may be accorded only part of the relief demanded. In such case there can be no apportionment of costs in the absence of some statutory authorization; the court is without power to make an apportionment of costs based upon the fact that the prevailing party has failed in a part of his claims or that for other reasons only a part or none of the costs should be allowed." (Citations omitted.)

In short, this Court makes a major departure from other jurisdictions when it holds that costs (*and attorney's fees*) may be awarded to a party who did not win an affirmative judgment.

The majority bases this departure entirely upon the language of I.R.C.P. 54(d)(1)(B), which provides:

> "Prevailing Party. In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties, whether there were multiple claims, multiple issues, counterclaims, third party claims, cross-claims, or other multiple or cross issues between the parties, and the extent to which each party prevailed upon each of such issues or claims. The trial court in its sound discretion may determine that a party to an action prevailed in part and did not prevail in part, and upon so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained."

To my mind, I.R.C.P. 54(d)(1)(B) simply attempts to and does no more than provide guidance to a trial court in determining whether a party which has obtained an affirmative judgment may have prevailed *to the extent* that it is entitled to costs. Had it been intended that the rule would work such a drastic departure from the general rule (as the majority is now saying), one would have expected such a departure to be much more clearly delineated.

## II.

### ATTORNEY'S FEES

As to attorney's fees, which were awarded under I.C. § 12–121, I had always thought that this statute incorporated and applied the same general rule concerning "prevailing parties" as is applied in determining the award of costs. The majority today holds, however, that not only does I.R.C.P. 54(d)(1)(B) provide for an entirely different rule regarding cost awards than is followed in other jurisdictions, but I.C. § 12–121 (which simply provides for attorney's fees to be awarded to the prevailing party), was also intended to allow such fees to be awarded to a party who failed to gain an affirmative judgment. One would surmise that the majority is (understandably) reluctant to hold that a party may "prevail" for purposes of I.R.C.P. 54(d)(1)(B) but not prevail for purposes of I.C. § 12–121. Their solution to this self-created dilemma, unfortunately, is to hold that their imaginative interpretation of I.R.C.P. 54(d)(1)(B) must be applied to I.C. § 12–121. This rather neat trick places a further judicial gloss on I.C. § 12–121 which would be otherwise unavailable given the general rule governing such statutes.

I prefer to read I.R.C.P. 54(d)(1)(B) in conformance with I.C. § 12–121, rather than vice versa. Not only is this more in keeping with standard rules of judicial construction, but it is more desirable from a policy standpoint. Today's decision will undoubtedly

discourage those with legitimate grievances from pursuing a remedy in the judicial system unless they are convinced that they will recover a substantial amount of damages in addition to winning on the issue of liability.[1]

## III.

The way in which a jury can hedge, vacillate or compromise on the liability issue is readily available under the law of comparative negligence. There is, however, on the issue of damages, no law of comparatives, other than that trial courts, and appellate courts in review of a damage award, can and do resort to statistical compilations which show that the loss of a leg has been valued at a thousand dollars, and has been valued at many, many times that amount. The answer is, of course, that different juries set different amounts, and there is such little rhyme or reason to it that some courts flatly will not interfere. This Court, for example, in a nearly unanimous opinion, in *Bentzinger v. McMurtrey*, 100 Idaho 273, 596 P.2d 785 (1979), upheld as not inadequate a jury's award of $425.40 general damages for uncontradicted disabling back injuries. *See also* the dissenting opinion of Justice Shepard in *Dinneen v. Finch*, 100 Idaho 620, 603 P.2d 575 (1979).

The point being made, of course, as all practicing attorneys will freely agree, is that the vagaries of a jury in assessing damages are beyond prediction. The instructions given to a jury on assessing general damages clearly tell the jurors that the amount is up to them and their collective best judgment—supposedly, of course, based on the evidence. Recently a jury in

southeastern Idaho returned a $5,000 verdict for the wrongful deaths of a father and mother. Competent attorneys evaluating such a case would reasonably not be surprised at a verdict twenty or thirty times that amount.

It is for certain that juries may misfunction. When a jury returns what the plaintiffs and their attorneys perceive to be an inadequate damage award, there is, of course, the right of appeal. The plaintiffs in *Dinneen* and in *Bentzinger* went that route. The *Dinneen* plaintiff narrowly won a new trial. The *Bentzinger* plaintiff struck out, and incurred additional costs and expenses for the misguided effort.

It is plainly to be seen that courts generally have been more prone to interfere with claimed excessive damages than with claimed inadequate damages. From this truism there comes the fact that a plaintiff receiving inadequate damages must on occasion face up to reality. It will be the rare occasion in Idaho when the Court interferes with an inadequate damage award.[2] While it may "smart" a bit to be handed damages which one thinks to be woefully inadequate and forego any further litigation, the trauma there experienced is nothing in comparison to having the injury compounded by an interpretation of a *procedural* rule of Court which allows the victim of the inadequate damage award to fall victim as well to the assessment of attorney's fees in favor of the losing party.

In the opinion that court also recognized the impossibility of attempting to fathom the misfunctioning of a jury:

for a new trial a damages award of $75,000 for the death of a previously healthy 36 year old worker, stating "[t]he judgment in the case at bar is substantially less than the unquestionably proven damages, and the trial judge's refusal to grant a new trial on damages was indeed an abuse of discretion." This illustrates the error of placing blind faith in a jury's ability to correctly determine damages, and particularly the danger of using the amount of a damage award to be the determining factor in concluding whether a plaintiff "prevailed."

1. If the majority believes that the position which they take today is necessary to prevent frivolous or harassing lawsuits, they are mistaken. There are a number of remedies already available to prevent or discourage such suits, i. e., counterclaims for abuse of process, malicious prosecution, etc.,

2. A refreshing exception to the general reluctance of courts to overturn a jury's damage award may be found in *Pierce v. Fairchild*, 641 F.2d 729 (9th Cir. 1981), [Pending on petition for rehearing and motion for rehearing en banc.] where the court reversed and remanded

"We make no attempt to guess why the jury absolved Matthews Brothers from liability, or why it went to the bargain basement in order to calculate damages."

All of this is not to suggest that this particular damage award was inadequate. It is to say that counsel's choice may not often be to pursue the possibility of a second trial, no matter how or why the jury is thought to have misfired.

Counsel are required to be practical and realistic both in initially evaluating the damages aspect of a case, and especially so when re-evaluating after being faced with an unsatisfactory jury award. In a given case an award of $50,000 may be inadequate—but does that *ipso facto* make the party who proved the primary issue (of liability) liable for the other party's attorney's fees? I think not. I am convinced that the Court has today indeed found the key to Pandora's box. I respectfully dissent.