653 P.2d 1173

**Kenneth CONNER and Arvilla Conner, husband and wife, Plaintiffs-Appellants,**

v.

**Virgil W. DAKE and Imogene Dake, husband and wife, Defendants-Respondents.**

**No. 13888.**

Supreme Court of Idaho.

Sept. 3, 1982.

Rehearing Denied Dec. 6, 1982.

---

Michael O. Douglas and Severt Swenson, Jr., Gooding, for plaintiffs-appellants.

Andrew F. James and Cecil D. Hobdey, of James, Hobdey & Varin, Gooding, for defendants-respondents.

BAKES, Chief Justice.

In the proceedings below, judgment was entered against the appellants, and included an award of attorney fees under I.C. § 12–121. The only issue raised by appellants on this appeal is whether the court below erred in awarding attorney fees against them.

I.R.C.P. 54(e)(6) states that "[a]ny objection to the allowance of attorney fees, or to the amount thereof, shall be made in the same manner as an objection to costs as provided by Rule 54(d)(6)." I.R.C.P. 54(d)(6) provides that "[a]ny party may object to the claimed costs of another party set forth in a memorandum of costs by filing and serving on adverse parties a motion to disallow part or all of such costs within ten days of service of the memorandum of costs. . . . Failure to timely object to the items in the memorandum of costs shall constitute a waiver of all objections to the costs claimed."

Respondents assert and the record reflects that no objection to respondents' memorandum of costs was ever filed.[1] Appellants thereby waived their right to further contest the award of attorney fees. I.R.C.P. 54(e)(6) and 54(d)(6).

The judgment is affirmed. Costs and attorney fees on appeal to respondents. I.C. § 12–121; *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979).

McFADDEN, DONALDSON and SHEPARD, JJ., concur.

McFADDEN, J., registered his vote prior to his retirement on August 31, 1982.

---

1. The record reflects that respondents' memorandum of costs, including attorney fees, was filed on July 28, 1980, the date that the amended judgment was entered, and that on August 11, 1980, more than ten days thereafter, the court heard oral argument on the allowance of costs. The record, however, does not disclose the nature of that argument, and specifically whether the waiver issue raised by respondent on appeal was argued before the trial court. In the absence of a showing in the record that respondents agreed not to assert the argument that appellants waived the right to object to costs and attorney fees by failing to timely object, the language of I.R.C.P. 54(d)(6), that "[f]ailure to timely object to the items in the memorandum of costs shall constitute a waiver of all objections to the costs claimed," controls.

BISTLINE, Justice, dissenting:

Just as a Pandora's box once opened creates unending mischief, *Volk v. Baldazo,* 103 Idaho 870, 651 P.2d 11 (1982), Bakes, C.J., dissenting, the mischief wrought when this Court breathed life into the frail framework of I.C. § 12–121 by amending it through a procedural rule,[1] is here at work in the form of a summary per curiam opinion which sees no necessity of setting out the underlying facts on which appellants rely in bringing what I am certain was taken as a good faith appeal. At the outset the Court's opinion notes that "the record reflects that no objection to respondents' memorandum of costs was ever filed," from which follows the supposed sequitur that the appellants have no right to come before this Court and argue about attorney's fees which were over one-half of the judgment recovered by respondents. But, the record contains court minutes showing that a contested hearing on respondents' claim for attorney's fees was heard before the trial court, where Mr. Douglas, for appellants here, presented argument against the motion for attorney's fees.

It is reasonably clear that appellant made no *item* objection as contemplated by I.R.C.P. 54(d)(6), and that the argument made before the trial court was either a "prevailing party" argument, *Odziemek v. Wesely,* 102 Idaho 582, 634 P.2d 623 (1981), or an objection as to timeliness. In this Court appellants continue their argument, not at all on an *item* basis, but primarily relying on *Hutchison v. Kelton,* 99 Idaho 866, 590 P.2d 1012, 1013 (1979) where this Court *did examine* the record and held "that the trial court did not err in concluding that neither party prevailed." (On that appeal, costs without mention of attorney's fees on appeal were awarded.)

One would think the Court might see its treatment of the appellants a bit on the disparate side as compared to *Hutchison.* Until reading today's opinion, most practitioners would have thought that where the

district judge heard the argument and made his decision on the merits, that decision should be subject to review. One may be certain that the district judge did not simply deny the motion because appellants had waived their right to be heard by not filing an item objection to items to which they had no objection.

The Court's opinion opens with the statement that "judgment was entered against the appellants, and included an award of attorney fees." It isn't really that simple, however. After a difficult trial, the district court entered its own findings of fact and conclusions of law, having dealt not only with each party's claims against the other but also with the various credits and debits arising from a confusing farm lease. Final judgment was entered against the appellants on May 21, 1980, for $3,484.75. The court did not make the final computations of the net amount. Attorney for respondents made the computations and drew the judgment. The judgment prepared and signed made *no mention of costs or attorney's fees.* The district court's memorandum decision, findings and conclusions were equally silent in that regard. Neither party filed a Rule 59(e) motion to alter or amend the judgment with respect to attorney's fees and costs. Upon timely motions filed by both parties objecting to certain findings involving the debits and credits, the trial court rewrote its memorandum decision and its included findings and conclusions. Although not computed by the court, the change in the findings reduced the total judgment from $3,485.75 to $3,377.30. The revised memorandum decision made no mention of court costs or attorney's fees and again simply directed respondents' counsel to "prepare the appropriate order of judgment." The amended judgment assessed a monetary award of $3,377.30 against appellants, and this second time included a blank line for inserting costs. The amended judgment was filed on July 28th. At the same time, and constituting respondent's first affirmative move for attorney's

---

1. It is not unlikely that the court system will see as much if not more litigation over attorney's fees than over the original controversies bringing litigants into court.

fees, and being over sixty days after final judgment was entered, also filed was respondents' motion for costs and attorney's fees.

The court minutes reflect that this motion was heard at Gooding on the 11th of August and granted by a ruling from the bench. It is logical that the amount and the date were then inserted by the judge on the blank lines of the amended judgment. Able counsel being involved, it is extremely likely that on the filing of respondents' motion, which was not noticed for hearing, counsel conferred and stipulated to submitting to the court the question as to which party, if either, was entitled to attorney's fees, and likely that neither questioned the amount claimed by the other, leaving "reasonableness" to the court. While it may come as a shock to new members of the bar, and to some members of this Court, parties are entitled to agree to straightforward procedures which do not fall into the myriads of highly technical rules. Here, for instance, respondents without doubt knowingly agreed that appellants could orally present their objections to the awarding, not the amount, of attorney's fees, and vice versa. *See* for instance, *Cunningham v. Bundy,* 100 Idaho 456, 600 P.2d 132 (1979). On the other hand, *see Payne v. Foley,* 102 Idaho 760, 639 P.2d 1126 (1982).

In sum, this is not simply a case where, as the Court's opinion implies, there is a judgment which included attorney's fees. There was a final judgment which did *not* include attorney's fees and there was an amended judgment which left a blank for costs (and attorney's fees). Attorney's fees only became an issue *on motion* long after the first final judgment was entered, and at the same time as the amended judgment was entered. Respondents made no motion to alter or amend the first final judgment which was drawn by their counsel, but which provided for neither costs nor attorney's fees and was based on findings of fact and conclusions of law which also provided

for neither. Changes in the findings made after motions by both parties reduced the judgment by $107.45. An appropriate order would have allowed the judgment to stand but would have adjusted it downward to $3,777.30. Instead, an entirely new judgment was entered, drawn by the respondents, who had drawn the first final judgment. Respondents managed to bootstrap themselves into an award of costs and attorney's fees by a motion made 60 days after having allowed the first judgment to become final. I doubt that this procedure is as envisioned by the rules.

At the least, appellants are entitled to a review of their "prevailing party" contention. Appellants might or might not convince the Court on the issue, were the Court to consider it. Gaining nothing by a unilateral dissertation, I refrain from discussion. For certain, I would not debase the appellants' position by assessing attorney's fees on the appeal.

### ON DENIAL OF PETITION FOR REHEARING

BISTLINE, Justice.

A perusal of the *original* file in the Clerk's office discloses an order allowing augmentation of the record on respondent's motion, the augmented record consisting of the trial court's Findings of Fact relative to the issue of attorney's fees.[1] This document is dated the 10th day of November, 1980, which is almost four months after the entry of the order allowing costs and attorney's fees, and at a time when jurisdiction of the case had passed into this Court. The October, 1980 motion of respondent for augmentation *in district court* contains this:

"Defendants and Counterclaimants (Respondents) by and through their attorneys of record further move the Court to augment the Clerk's record to include a written finding executed by the Court showing the basis and reasons for awarding attorney fees in the above entitled action on August 11, 1980.

1. Apparently only one copy of the augmentation was received by the Clerk's office, and copies had not been made or circulated when

the September 1982 opinions issued from this Court. At least my office received nothing.

"Defendants and Counterclaimants (Respondents) by and through their attorneys of record further represent that motion for allowance of attorney fees and costs was heard by the Court on August 11, 1980, and that the matter argued to the Court by respective counsel and the Court made a certain finding with respect to the allowance of attorney fees and costs but that the same were not reduced to writing and executed by the Court; that through mistake, inadvertance and excusable neglect such findings with respect to attorney fees and costs were not executed and filed with the Clerk; that failure to permit the execution and filing of such findings would be inconsistent with substantial justice and would affect the substantial rights of the parties and so representing, *moves the Court to execute the attached proposed Findings* as to the basis and reasons for awarding attorney fees to the Defendants (Respondents)." (Emphasis added.)

As noted by the emphasized portion, Respondents were belatedly submitting findings and conclusions, making significant that, as I had surmised and as the signed document recites, "*that Counsel heretofore had stipulated that in the event the Court determined to award attorney fees to either party* the Court would determine such reasonable fee without the necessity of calling witnesses." (Emphasis added.) In my view, the counsel-prepared findings are totally inadequate for appellate review.[2] Finding No. 12 is perhaps meant to address the prevailing party issue, but I fail to see that it does. It simply recites:

"12. That is appears from the file that the Complaint, Answer and Counterclaim and Answer to Counterclaim were filed; that the trial lasted two (2) days, there were eleven witnesses and eleven exhibits; that Findings of Fact and Conclusions of Law, original and amended, were filed; that judgment and amended judgment were filed; and two briefs or memorandums were filed on behalf of the Defendants, and objections to and motion to amend Findings of Facts and Conclusions of Law were filed and hearings held on such amendments and motion for allowance of attorney fees and costs was filed and argued to the Court."

Following the foregoing is that which apparently was intended to suffice as the trial court's conclusion: "13. That by reason of the foregoing and *the opportunity to settle the action,* the filing of the same by the Plaintiffs was unreasonable and without foundation."[3] (Emphasis added.)

Being unable to see that the findings are adequate, ordinarily I would vote to remand for proper findings. Here, however, where

---

**2.** Indicative examples are the following:

"3. That Plaintiffs filed their action against the Defendants notwithstanding Plaintiff's failure to farm the premises in a farmer-like manner, producing only 11.75 sacks of pinto beans per acre as opposed to an average yield of 24 sacks per acre.

"4. That Plaintiffs filed their action against the Defendants notwithstanding Plaintiff's failure to farm the premises in a farmer-like manner, producing only 5 sacks per acre of great northern beans as compared to an average yield of 23 sacks per acre.

"5. Plaintiffs filed suit against the Defendants notwithstanding Plaintiff's failure to pay to Defendants one-half of the fall pasture, to-wit: Three hundred fifty dollars ($350.00).

"6. Plaintiffs filed suit against the Defendants notwithstanding Plaintiff's refusal to pay one-half of the proceeds from domestic pasture the Defendants, to-wit: Two hundred fifty dollars ($250.00).

"7. Plaintiffs filed suit against the Defendants notwithstanding the fact that Plaintiffs were to pay for alfalfa seed and charged the seed to the Defendants of Two hundred eighty seven dollars and fifty cents ($287.50).

**3.** *Briefs of counsel* establish that plaintiffs brought suit for $2,729.37 in damages—and prevailed almost in full—hardly a suit brought without foundation. Defendants counterclaimed for $11,578.32 and recovered $5,906.67, or only approximately 50 percent of what they sought. It appears that of this amount, called "debt" by defendants, $2,129.85 and $2,155.73 were *not* liquidated debts, but were damages awarded after trial for claimed poor farming practices on plaintiffs' part which the court found due defendants attributable to crop losses respectively of pinto beans and great northern beans.

The thrust of the appeal is the alleged failure to follow I.R.C.P. 54(d)(1)(B) wherein it requires apportioning fairly and equitably.

the trial court's conclusion is also based upon a premise that there had been an "opportunity to settle the action," I would simply reverse the award of attorney's fees with directions to close the file. *Payne v. Foley,* 102 Idaho 760, 639 P.2d 1126 (1982).