656 P.2d 124

The CITY OF NAMPA, a municipal corporation, Plaintiff-Appellant,

v.

Thomas J. McGEE, Jr., d/b/a McGee Air Conditioning and Heating Co., and McKellip Engineering Co., Inc., an Idaho corporation, Defendants,

and

McKellip Engineering Co., Inc., an Idaho corporation, Defendant-Respondent.

The CITY OF NAMPA, a municipal corporation, Plaintiff-Respondent,

v.

Thomas McGEE, Jr., d/b/a McGee Air Conditioning and Heating Co., and McKellip Engineering Co., Inc., an Idaho corporation, Defendants,

and

Thomas McGee, Jr., d/b/a McGee Air Conditioning and Heating Co., Defendant-Appellant.

Nos. 13931, 13932.

Supreme Court of Idaho.

Dec. 27, 1982.

Stephen W. Beane and John L. Gannon, Boise, for City of Nampa.

H.W. Rettig, Caldwell, for Thomas McGee Jr.

Jeremiah A. Quane and Brian K. Julian, Boise, for McKellip Engineering Co.

SHEPARD, Justice.

These are consolidated appeals from judgments in which the sole issue is the trial court's award of attorney's fees to the prevailing parties. We affirm.

Plaintiff City of Nampa brought the principal action for negligence against defendants McGee and McKellip for damages resulting from a boiler explosion. Follow-

ing trial, a verdict was returned finding McGee 70% negligent, City of Nampa 30% negligent, and McKellip 0% negligent. Thereafter, counsel for City of Nampa filed meticulously detailed affidavits accompanying his motion for costs and attorney fees, in which was set forth the novelty and difficulty of the questions presented in the litigation, prevailing attorney fees charges, the reasonableness of a contingent fee charge of $10,650, and concluded that a reasonable attorney's fee to be awarded to the City of Nampa "should be the sum of * * * ($9,850.00), *pursuant to I.C. § 12–121.*" (emphasis supplied) Thereafter, McGee filed its motion to disallow numerous items of costs and the claimed attorney's fees. After hearing thereon, the trial court issued a decision in which he, in an equally meticulous fashion, considered and ruled upon all of the contested items of costs disallowing or reducing certain of the contested costs claimed by both City of Nampa and McKellip. The ultimate decision awarded Nampa against McGee $7,350 (of its claimed $9,850) for attorney's fees and $2,923 for costs, for a total of $10,273. McKellip was awarded against Nampa $10,000 in attorney's fees (of its claimed $18,400) and $1,205 costs, for a total of $11,205. This appeal results wherein Nampa and McGee assert error in the award of attorney's fees.

In its brief on appeal, City of Nampa only argued that the trial court's award of attorney's fees against it pursuant to I.C. § 12–121 was erroneous and that attorney's fees could only be awarded pursuant to Rule 54(e)(1), *i.e.,* when suit was brought or defended "frivolously, unreasonably or without foundation . . . ." The instant action was filed prior to March 1, 1979 and that contention is clearly without support in view of our more recent cases of *T-Craft Aero Club, Inc. v. Blough,* 102 Idaho 833, 642 P.2d 70 (1982); *Haskin v. Glass,* 102 Idaho 785, 640 P.2d 1186 (1982); *Rickel v. Board of Barber Examiners,* 102 Idaho 260, 629 P.2d 656 (1981). On oral argument, both City of Nampa and McGee concede that I.R.C.P. 54(e)(1) is not controlling here, but assert that the trial court erred in

awarding attorney's fees pursuant to I.C. § 12–121, in that the trial court misinterpreted the statute and concluded that he had no discretion but was required to award attorney's fees to the prevailing parties.

I.C. § 12–121 provides in pertinent part: "the judge may award reasonable attorney's fees to the prevailing . . . parties . . . ." The City of Nampa and McGee seize upon one small part of the lengthy, meticulous and well-reasoned decision of the trial court, *i.e.,* "when the parties were considering whether to bring, defend, or settle this case, the state of the law was that the prevailing party was entitled to an award of attorney's fees." It is argued that such language of the trial judge indicates that he failed to exercise discretion, that such failure was, in effect, an abuse of discretion, and therefore reversible error. We disagree.

In *Lisher v. Krasselt,* 96 Idaho 854, 538 P.2d 783 (1975), this Court held that where a trial judge's decision was discretionary, we will not set it aside *absent a clear showing of abuse of discretion. See also, Clear v. Marvin,* 86 Idaho 87, 383 P.2d 346 (1963). We find here no clear showing that the trial judge abused or failed to exercise his discretion. While that small portion of the language óf the trial judge's decision may be somewhat ambiguous, it must be noted that the argument then before him was only concerned with the application of I.R.C.P. 54(e)(1) or I.C. § 12–121. The assertion that such small portion of the trial court's decision indicates a failure to exercise discretion is untenable in light of the remainder of the decision wherein the trial court reviewed all objections to the claimed costs and attorney's fees and, clearly utilizing his discretion, disallowed some costs and substantially reduced the claimed attorney's fees. We further note the anomolous position of the City of Nampa before the trial court: Nampa sought and obtained an award of attorney's fees pursuant to I.C. § 12–121 and now on appeal argues that the same trial judge in the same action failed to exercise or abused his discretion in

awarding attorney's fees to McKellip under I.C. § 12–121.

In sum, we hold there has been no clear showing that the trial court either abused its discretion or failed to exercise its discretion. Hence, the decision and judgment of the trial court is affirmed. Costs only to respondent McKellip. No attorney's fees on appeal allowed.

BAKES, C.J., and DONALDSON, J., concur.

BISTLINE, Justice, dissenting.

The opinion of Justice Huntley goes directly to the nub. In any case, not just restricted to the issue here, it is inescapably error for the decisionmaker to perform his task while laboring under a misapprehension of law. Here the district judge commendably was explicit in detailing his approach to and resolution of the issue presented, making it difficult to understand the majority's refusal to accept that his decisionmaking process was infected with a misconception—for which I know of no known cure, other than for an appellate court to see the misconceived law as miniscule, and look away. Better, so I believe, is the view of Justice Huntley that there be a reversal and a remand where the trial court will properly decide the issue.

The majority opinion will seem to many as a hands-off resolution of the issue submitted, or in other words, the majority will choose to leave such matters to the district court judges. Yet, as I have from time to time pointed out, under the legislature's statute such matters *were* for district judges until the Court involved itself by the promulgation of rules which were not at all rules of procedure but substantive amendments to the statute. I wrote as to this unconstitutional encroachment "for the last time" in *Payne v. Foley,* 102 Idaho 760, 639 P.2d 1126 (1982), and therein added the well-stated view of Judge Cunningham of the Fifth Judicial District that the Court's ruling is nothing less than an amendment to I.C. § 12–121. (No district judge with whom I have conversed has viewed it any differently.) I borrow from *Payne* that

portion of Judge Cunningham's remarks which I believe are applicable here:

" 'However, the inescapable inference of Rule 54(e)(1), IRCP, as it now stands, is inescapable—the legislature intended that attorney fees be allowed the prevailing party only when the opposing party, "pursued or defended frivolously, unreasonably or without foundation." I corrected my erroneous interpretation of that section upon a receipt of copy of Rule 54(e)(1), IRCP, even though the Supreme Court was evidently willing to put up with my error in all cases filed prior to March 1, 1979. *In short, I have followed this new rule promulgated ever since it has been rendered regardless of its effective date.* I do not believe that the Haney Seed Company defended this case frivolously, unreasonably or without foundation. Thus I am not in a position to exercise my discretion in the matter of allowance of attorney fees in this action.' " 102 Idaho at 763, 639 P.2d at 1129 (quoting *Chapman v. Haney Seed Co., Inc.,* 102 Idaho 26, 624 P.2d 408 (1981) (emphasis added).

What Judge Cunningham, from one side of the Bench, said is exactly what the attorneys were telling this Court just the other day in *Anderson v. Ethington,* 103 Idaho 658, 651 P.2d 923 (1982), which I pointed out:

"Without doubt subparagraph (2) of Rule 54(e) requires findings and that requirement is not fulfilled by the sparse statement utilized by the trial court in making the award. *The Court, however, declares that Rule 54(e) was not applicable, although promulgated.* The Court does this notwithstanding able counsel's representation that the parties in arguing costs had agreed (implicitly? outright?) that Rule 54(e) would apply to the requests for attorney's fees. *The Court also pays little heed to appellant's statement that the trial court's language clearly tracks Rule 54(e) provisions.* But, that is not all. Appellants correctly point out that *the trial court's language clearly tracks the language of Minich v. Gem*

*State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979) ("brought . . . unreasonably or without foundation").

"*Minich,* of course, initiated the award of attorney's fees on appeal under the supposed (see dissents of Donaldson and Bistline, JJ., in *Minich* ) auspices of I.C. § 12–121. It is beyond cavil that the Court also *at that time* saddled application of the statute with Court-made refinements:

> " 'Since the statutory power is discretionary, attorney fees will not be awarded as a matter of right. Nor will attorney fees be awarded where the losing party brought the appeal in good faith and where a genuine issue of law was presented. In normal circumstances, attorney fees will only be awarded when this court is left with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation. See I.R.C.P. 54(d)(1).' 99 Idaho at 918, 591 P.2d at 1085.

"The opinion did not in the least suggest the inapplicability of Rule 54(e) by reason of its subparagraph 9, setting the date of effectiveness. Limited research does not disclose when Rule 54(e) first showed up in pocket parts to the 1958 volume of Idaho's 'federal rules,' but I would doubt that it was found therein when attorney's fees were being considered by the trial court in May of 1979. *Minich,* however, was by then a reported case.

"*Be that as it may, I am more influenced by the open and forthright position taken by counsel for the City, who seem to comprehend that subparagraph 9 of Rule 54(e), while specifically declared applicable to actions filed after March 1, 1979, does not declare any prohibition against its applicability to cases pending before that date. Accordingly, recognizing that Rules are made by decision law as well as by promulgation, the City's brief furnishes the Court with much needed good advice:*

> " 'On the other hand [the] same standards as set forth in Rule 54(e)(1) may very well apply to actions filed prior to

that time on the basis of the language contained in *Minich, supra.* In other words, the position that we take is that I.R.C.P. 54(e)(1) definitely does not apply to this action. *However the language in the Minich case very well could. Irrespective of what the Court decides in this regard this briefer frankly believes that the general standards to be applied are virtually identical.*' " (Emphasis added and in original.)

Footnote 1 to the Court's opinion in *Payne v. Foley,* 102 Idaho at 762, 639 P.2d at 1128, is an example of the Court's meandering in an area confused by the contemporaneous case law of *Minich* and a delayed effective date of a promulgated rule covering the same territory. The footnote compares *Payne v. Foley* to *All American Realty v. Sweet,* Idaho (Sup.Ct. Nos. 13323 and 13135, opinion issued September 10, 1981; now pending on petition for rehearing) finds the two cases similarly postured as to the non-effective date of the rule, but reverses in *Payne* because the district judge (also of the Fifth Judicial District) apparently believed as did Judge Cunningham that the judicial imprimatur placed on I.C. § 12–121 by the *Minich* court required lower court obedience. With judges and lawyers being of a like view, it is difficult to comprehend why the Court comes across as being so contrary— and certainly not in a manner consistent with any desire that jurisprudence can be a science. Consistency can be a virtue.

More recently the Court was confronted with another case where the sole issue on appeal was attorney's fees. *Conner v. Dake,* 103 Idaho 761, 653 P.2d 1173 (1982). The Court in a one-page opinion held against appellant on the grounds that the record did not show a timely objection in the trial court as required by the Court's own rules, notwithstanding that the clerk's transcript gave enough indication to cause a dissenting justice to suggest that counsel *might have* stipulated on a procedure and thereby avoided the burdensome paperwork which the rule requires. A petition for

rehearing was filed and summarily denied without majority opinion, notwithstanding that a second opinion by the dissenting justice disclosed that the district court clerk's transcript—which had been the basis of the Court's opinion—was *not* the entire appeal record, and that the original appeal file in the office of the Clerk of this Court was found to contain an augmentation of the record—one copy only. The augmentation, of course, was the all-important detailed findings of fact and conclusions of law on the issue of attorney's fees required by the Court's rule. However, in my view the same were not only inadequate, but predicated in part on the same erroneous misconception of law which led to reversal in *Payne v. Foley. See Conner v. Dake, supra* (Bistline, J., on Denial of Petition for Rehearing). The counsel-prepared (counsel for Dake, who was awarded fees at Conner's expense) findings also contained the recitation that counsel had indeed so stipulated as the dissenting justice had surmised. While one would believe that counsel could so stipulate and that a stipulation would take precedence over mere rules of procedure, apparently the lesson to be learned from *Conner v. Dake* is to the contrary. Being made full-well informed "that Counsel heretofore had stipulated that in the event the Court determined to award attorney fees to either party the Court would determine such reasonable fee without the necessity of calling witnesses," the Court nevertheless continued to cling to an opinion which was based upon technical noncompliance with its rules, leaving the Conners without having had any resolution on the merits of their appeal, and *deciding the controversy on an issue not raised by either party in the trial court and an issue accordingly not considered or passed upon by the trial court.* The Conners were left stuck with $1,700 of attorney's fees to pay, and heaping insult on top of injury, are now being assessed $800 attorney's fees for a frivolous appeal to this Court.

Today we have but another replay of the same scenario. Attorney's fees once again are the sole issue which take our time and effort, and again a majority of the Court remains shut-eyed to obvious error. Back of it all, the Court is largely responsible for the increase of such nonproductive litigation, and solely responsible for such disparate results. The result achieved today, as with *Conner v. Dake,* may properly be catalogued with *Sherwood & Roberts v. Riplinger,* 103 Idaho 535, 650 P.2d 677 (1982), where also the scales of justice were not just tipped but tipped over by zealous and erroneous application of the Court's rules of procedure.

HUNTLEY, Justice, dissenting.

The majority affirms the trial court's award of attorney fees concluding that the trial court did not abuse its discretion. The entire majority opinion is premised on an assumption that the trial court understood that it could exercise discretion under I.C. § 12–121.

The trial court, as disclosed by its memorandum decision, apparently felt it had no discretion and was mandated by statute to award fees to the "prevailing party," the trial court's decision reading in part,

"When the parties were considering whether to bring, defend or settle this case, *the state of the law was that the prevailing party was entitled to an award of attorneys' fees.* They should be held to have known the law and to have made case conduct decisions with relation to it." (Emphasis added.)

The actual state of the law at that time was that attorney fees rested in the sound discretion of the trial court pursuant to I.C. § 12–121. *Minich v. Gem State Developers,* 99 Idaho 911, 591 P.2d 1078 (1979), concerned attorney fees on appeal; however, the court recognized that the statutory power (I.C. § 12–121) is discretionary and attorney fees will not be awarded as a matter of right. Since this court's opinion in *Minich,* we have addressed the issue of attorney fees under I.C. § 12–121 numerous times. It is within the discretion of the trial court and such award will not be reversed absent an abuse of that discretion. *Palmer v. Idaho Bank & Trust of Kooskia,* 100 Idaho 642, 603 P.2d 597 (1979); *Odziem-*

*ek v. Wesely,* 102 Idaho 582, 634 P.2d 623 (1981); *White v. Rehn,* 103 Idaho 1, 644 P.2d 323 (1982); *Anderson v. Ethington,* 103 Idaho 658, 651 P.2d 923 (1982).

To argue, as the majority does, that the paragraph involved is only one part of a meticulous memorandum decision ignores the fact that it is the only portion of the decision dealing with the trial judge's understanding of the state of the law on the issue.

It appears from the memorandum decision in this case that the trial court determined that it had no discretion, but rather felt compelled to award attorney fees as a matter of right to the prevailing parties. Therefore, the judgment of the district court should be vacated and the case remanded to the district court for a re-determination of attorney fees, pursuant to its right to exercise its discretion on the issue of whether any attorney fees need be awarded the prevailing party.