670 P.2d 876

**COTTONWOOD ELEVATOR COMPANY, a corporation, and Northwest Casualty Company, Plaintiffs-Respondents,**

v.

**Joseph ZENNER and Dorothy Zenner, husband and wife, Defendants-Appellants.**

**No. 13457.**

Supreme Court of Idaho.

Oct. 6, 1983.

John H. Bengtson, of Randall, Bengtson, Cox & Risley, Manderson L. Miles, Jr., of Knowlton & Miles, Lewiston, for defendants-appellants.

Jerry V. Smith, of Smith & Steiner, Lewiston, for plaintiffs-respondents.

DONALDSON, Chief Justice.

The defendants, Joseph and Dorothy Zenner, are farmers in Lewis County, Idaho. In the spring of 1975 the Zenners planted spring wheat and reaped approximately 10,000 bushels of spring wheat from this planting. The spring wheat was placed in stor-

age on the Zenner farm, as was winter wheat that had been harvested a few weeks before the spring wheat.

In February, 1976, Mr. Zenner had a portion of the wheat cleaned, processed and treated with chemicals for use as spring wheat seed. Meanwhile, demand for spring wheat was unusually high due to the severe weather conditions experienced during the winter in that area. In March, 1976, Mr. Zenner took a sample of the cleaned and processed seeds to the plaintiff, Cottonwood Elevator Company, and informed its manager that he had approximately 10,000 bushels of spring wheat for sale. No agreement to purchase was made at that time.

Subsequently, Cottonwood made two purchases of spring wheat from the Zenners, the first taking place on April 7, 1976, and the second in May, 1976. Cottonwood cleaned, processed and treated the wheat and then sold the seed as spring wheat seed to twenty-one farmer-growers. By early July, 1976, it became apparent to many of the growers who had purchased this spring wheat seed from Cottonwood that their spring wheat crops were experiencing unusual growth patterns. Experts were consulted whereupon it was determined that the seed had apparently been a mixture of winter and spring wheat. After reviewing the fields, Cottonwood, through its insurance carrier, Northwest Casualty Company, settled with the twenty-one growers to compensate them for their losses. Thereafter, Cottonwood and Northwest Casualty Company instituted this action against the Zenners on February 24, 1977, alleging negligence, breach of express warranty, breach of implied warranties and strict liability for delivery of a defective product.

The issue of liability was tried before a jury and the issue of damages was tried before the court. At the conclusion of the jury trial on the issue of liability, the jury returned special interrogatories from which the court issued findings of fact and conclusions of law, and judgment for plaintiffs. The findings and conclusions of the trial court included that Mr. Zenner had made and breached an expressed warranty that the wheat sold to Cottonwood was MP-1 spring wheat; that Mr. Zenner was a "merchant" as defined by I.C. § 28-2-104; that Mr. Zenner made and breached the implied warranty of merchantability; that the notice required by I.C. § 28-2-607 was given to the Zenners within a reasonable time after discovery of the failure of the seed to mature normally; that the settlements made with the twenty-one farmer-growers were reasonable and Northwest Casualty Company had a right of indemnity against the Zenners for the settlements; and, that the breach of warranties by the Zenners was the proximate cause of the damages sustained by plaintiffs. In addition, the trial court awarded plaintiffs $25,000 as reasonable attorney fees pursuant to I.C. § 12-121.

The essential arguments asserted by the Zenners on this appeal are as follows: (1) that the injury to plaintiffs was not proximately caused by the Zenners and, therefore, the award of consequential damages was improper; (2) that Mr. Zenner was not a merchant as that term is defined in I.C. § 28-2-104; and, (3) that the trial court erred in granting attorney fees to plaintiffs pursuant to I.C. § 12-121.

We begin our analysis by relying on the recently decided case entitled *Nezperce Storage Co. v. Zenner*, 105 Idaho 464, 670 P.2d 871 (1983). *Nezperce* is a case which also dealt with wheat warranted to be spring wheat, sold by the Zenners to Nezperce Storage Company. In *Nezperce*, this Court considered issues identical to the first two issues set forth by the Zenners in this case. Rather than reiterate our analysis of those two issues, we herein adopt the analysis contained in *Nezperce*. Here, we simply hold, as we did in *Nezperce*, that the consequential damages awarded to plaintiffs were proper because the plaintiffs' damages were proximately caused by the Zenners, and that even assuming Mr. Zenner was not a merchant under I.C. § 28-2-104, the result is not altered because identification as a merchant is not a necessary element of an

action based on the breach of an express warranty.

The only issue left to be addressed in this case is the propriety of the trial court's award of attorney fees to plaintiff. I.C. § 12–121 grants judges discretionary power to award attorney fees to the prevailing party in civil suits. The adoption of I.R. C.P. 54(e)(1) restricted this discretionary power by requiring the court to find "that the case was brought, pursued or defended frivolously, unreasonably or without foundation" before awarding attorney fees under I.C. § 12–121. Rule 54(e) was adopted January 2, 1979, and became effective March 1, 1979.

The trial judge entered judgment in this case on December 29, 1978, and awarded costs and attorney fees on July 20, 1979. The Zenners contend that I.R.C.P. 54(e)(1) was applicable in this case because it became effective before the trial judge awarded attorney fees to the plaintiffs.

█ This Court has consistently held that in determining whether I.R.C.P. 54(e)(1) applies in a particular case, the relevant date is the date on which the cause of action was filed. *Curtis v. DeAtley,* 104 Idaho 787, 663 P.2d 1089 (1983); *Quincy v. Joint School Dist. No. 41,* 102 Idaho 764, 769–70, 640 P.2d 304, 309–10 (1981). Therefore, the standard imposed by I.R.C.P. 54(e)(1) is not applicable in this case and the award of attorney fees was within the discretion of the trial court. Finding no abuse of discretion we affirm the award of attorney fees.

The judgment of the district court is affirmed. Costs to respondents. No attorney fees on appeal.

SHEPARD and BAKES JJ., concur.

BISTLINE, Justice, concurring in part.

I join the opinion and judgment of the Court insofar as the judgment below is affirmed. As to the attorneys fees issue, I remain somewhat perplexed that the Court can not, although the bar has, give recognition to that which is established by case law (precedent) and that which is promulgated by majority rule in rule-making. For fur-

ther elucidation see *City of Nampa v. McGee,* 104 Idaho 63, 656 P.2d 124 (1983) (dissenting opinions of Bistline, J., and Huntley, J.); and *Connor v. Dake,* 103 Idaho 761, 653 P.2d 1173 (1982) (dissenting opinion of Bistline, J.).

HUNTLEY, J., concurs.