667 P.2d 278

Lillie BRISCOE, a single person,
Plaintiff-Respondent,

v.

Michael NISHITANI,
Defendant-Appellant.

No. 13474.

Court of Appeals of Idaho.

July 28, 1983.

Kenneth D. Roberts, Caldwell, for defendant-appellant.

Gary L. Morgan and William H. Wellman, Caldwell, for plaintiff-respondent.

WALTERS, Chief Judge.

This is an appeal in a declaratory judgment action involving the ownership of a 1957 Ford Thunderbird automobile. By special verdict a jury found that the respondent, Lillie Briscoe, had not made a gift of the automobile to her nephew, Michael Nishitani. Judgment was entered decreeing title and possession of the vehicle to Mrs. Briscoe.

Nishitani contends that the judgment should be reversed because (1) the trial court erroneously rejected his offer of proof of expenditures he had made upon the automobile; (2) the trial court improperly instructed the jury; (3) the trial court erred in submitting to the jury the single issue of whether a gift had occurred; and (4) the award of attorney fees to Mrs. Briscoe at trial was improper. In addition, both parties request attorney fees on appeal. We affirm the judgment of the trial court in all respects and do not award attorney fees on appeal to either party.

The following facts, concerning the vehicle, are undisputed. In 1961, Nishitani moved into the Briscoe home, occupied by Lillie Briscoe and her husband. While living there and attending the College of Idaho, Nishitani was allowed to use the Briscoes' Thunderbird automobile. In 1963, when Nishitani left Idaho to attend medical school, the Briscoes allowed him to take the car. In January, 1964, the title to the car was transferred to him by Mr. Briscoe. Mr. Briscoe died the next year.

At trial, Mrs. Briscoe and Nishitani's mother testified that the transfer of title was made to eliminate the Briscoes' potential liability, as owners of the automobile, for any third party claims which might arise from Nishitani's use of the vehicle. Mrs. Briscoe testified that later, when she asked Nishitani for payment or for return of the car, he told her "to just wait." Nishitani's father testified to a conversation

with Nishitani in 1972 in which Nishitani had said he intended to pay for the car "when he got his feet on the ground." Testimony of other witnesses reflected similar statements made by Nishitani. Nishitani stated that he did not remember the conversation with his father, but admitted making other statements, similar in nature, to his now ex-wife and to Mrs. Briscoe. However, no payments were ever made by Nishitani to Mrs. Briscoe.

In 1978, Mrs. Briscoe repossessed the car without Nishitani's knowledge or consent. Mrs. Briscoe then brought suit for declaratory judgment, asking that the court find that she be entitled to possession of, and title to, the car. The case was presented to the jury in a special verdict form which asked, "Did the plaintiff, Lillie Briscoe, make a gift of the 1957 Ford Thunderbird automobile to the defendant, Michael Nishitani?" The jury answered in the negative. As noted earlier, judgment was entered in Mrs. Briscoe's favor and Nishitani appealed.

### I. Proof of Expenditures

We first address Nishitani's argument that his offer of proof of the amount of expenditures on the car—while he had possession of it—should have been accepted to show (a) his belief that a gift had been made, or, alternatively, (b) to show the amount by which Mrs. Briscoe would be unjustly enriched if she were allowed to keep the automobile. The trial court rejected the offer of proof on the ground of irrelevancy and because the offered proof contravened the "best evidence" rule. For reasons stated below, we conclude that the court did not err in excluding the evidence as irrelevant. Our determination of the relevancy issue therefore renders unnecessary a review of the "best evidence" ruling.

■ Relevancy encompasses the questions of (1) whether the evidence which is offered is logically probative of the issue for which it is offered and (2) whether that issue is a "material issue" in the case. *State v. Marlar,* 94 Idaho 803, 498 P.2d 1276 (1972). Taking the second question first, it is clear that the issue of a gift was material to the case and we will assume that the issue of unjust enrichment was also materi-

al. The scope of our review, therefore, is narrowed to whether the evidence contained in Nishitani's offer of proof was logically probative on these issues.

On the issue of gift, Nishitani had testified, prior to his offer of proof and without objection from Mrs. Briscoe, that he had expended monies on the care and maintenance of the vehicle. It was only when Nishitani was asked to itemize the amounts expended that Mrs. Briscoe raised the question of relevancy.

In our view the fact that Nishitani had made some expenditures on the vehicle was relevant to show his belief a gift had occurred. Whether the *amount* of those expenditures was also relevant would depend upon the nature of the expenditures. In his offer of proof, Nishitani claimed to have expended money upon brake, transmission and heater repair; replacement of tires and batteries; repainting the vehicle three times; replacing the seat with a new one; purchase of a new top; purchase of other new and unused parts available for 1957 Thunderbirds; replacement of the fuel pump; desludging the engine; and an amount for automobile insurance coverage. He also claimed storage for the vehicle, and offered his opinion as to the "worth" of that storage.

■ The trial court concluded, and we agree, that these expenditures were related to the maintenance and operation of the vehicle while Nishitani had the use of it. Accordingly, we conclude that the amount of such expenditures was not probative of Nishitani's belief that a gift had occurred.

■ We turn next to the issue of unjust enrichment. This issue invites a similar analysis. The offer of proof made no showing of the value of the automobile at the time Nishitani received it, nor of its value at the time of trial. Neither was there any showing that the expenditures made by Nishitani increased the value of the automobile above the value it would have had if Nishitani had not used the vehicle during the approximate fourteen-year period it was in his possession. Therefore we conclude that the proffered evidence was not probative of the issue of unjust enrichment.

We uphold the trial court's decision to exclude the evidence.

## II. Instructions

Next, Nishitani asserts error regarding instructions to the jury. He contends that the trial court erred in not instructing the jury concerning questions of whether Briscoe's cause of action was barred by a statute of limitations, or by the equitable doctrines of laches, waiver or estoppel. He also contends the trial court erred in not instructing the jury concerning legal ownership of the automobile prior to 1964. Finally, he argues that the court erred in giving a jury instruction concerning tort liability of automobile owners.

Preliminarily, we note that objections to giving, or failing to give, jury instructions, and the court's ruling thereon at the close of evidence at the trial, must be made a part of the record. I.R.C.P. 51(a)(1). Failure to make an objection on the record precludes raising the issue on appeal. *Quincy v. Joint School District No. 41, Benewah County,* 102 Idaho 764, 640 P.2d 304 (1981); *Stoddard v. Nelson,* 99 Idaho 293, 581 P.2d 339 (1978). Here the only objection in the record as to the giving, or failure to give, jury instructions concerns the instruction on the tort liability of the owner of the car. We shall therefore consider only that objection.

Mrs. Briscoe and another witness, Nishitani's mother, both testified that title to the automobile was transferred to avoid imposition of liability on Mrs. Briscoe for Nishitani's use of the vehicle. This testimony came without objection from Nishitani. The trial court included I.C. § 49–1404(1) in the instructions to the jury. Under that statute, an owner of a motor vehicle is liable for death or for injury resulting from the negligence of an individual who operates a vehicle with the owner's permission.

The sole bases of Nishitani's objection at trial were (a) that Mrs. Briscoe had not mentioned this specific statute in her testimony, and (b) that there had been no showing that the language of the statute, at the time title was transferred, was the same as the language of the statute at the time of the trial. We believe that neither of these grounds for objection was sound. It was not necessary for Mrs. Briscoe to specify the statute by name or code number to express her reasons for transferring title; and the legislative history of the statute shows no change in the pertinent language during times relevant to this case. Accordingly, we uphold the trial court's overruling of Nishitani's objection on the grounds stated.

On appeal Nishitani has broadened his argument and now claims that, by giving the instruction, the trial court emphasized and supported Mrs. Briscoe's position concerning the reasons for the transfer of title. In effect this argument invites us to consider whether, as a matter of law, Mrs. Briscoe should be allowed to assert that she transferred title to avoid an owner's liability without actually giving up ownership. This is an issue, meritorious as it may be, which should have been raised before the trial court. On appeal, we will not consider or review issues that have not been raised below but are raised for the first time on appeal. *Baldner v. Bennett's Inc.,* 103 Idaho 458, 649 P.2d 1214 (1982).

## III. Special Verdict

Nishitani next argues that the court erred by limiting the special verdict to the sole question of whether a gift had been made. However, under I.R.C.P. 49(a), a party must demand the submission of issues of fact to the jury which the court omits from the special verdict. If no such demand is made, the parties waive the right to a jury determination of issues excluded from the special verdict. I.R.C.P. 49(a). Here no objection by Nishitani to the form or content of the special verdict appears on the record. Therefore Nishitani waived his right to a jury determination of other issues which were not encompassed in the verdict. *Milligan v. Continental Life and Accident Co.,* 91 Idaho 191, 418 P.2d 554 (1966).

Nishitani also argues that the special verdict rendered by the jury is insufficient to sustain the judgment entered by the trial court. He contends that findings of fact should have been made concerning the presence or absence of an oral contract of sale

and concerning the many affirmative defenses which he pleaded.

■ I.R.C.P. 49(a) provides that, as to issues not submitted to the jury by special verdict, a court may make, or will be deemed to have made, findings consistent with the judgment and the special verdict. Here, the court decided, and stated on the record, that the outcome of the trial hinged on whether a gift had been made. The jury decided that no gift had been made. The judgment, recognizing Mrs. Briscoe's right to possession and title to the vehicle, was consistent with the jury's verdict. Thus, there is an implied finding that there was no oral contract of sale and that Nishitani's affirmative defenses were invalid. We are not persuaded that such an implied finding was clearly erroneous. I.R.C.P. 52(a).

■ Further, and as stated previously, no jury instructions were requested on theories of contract or on Nishitani's other affirmative defenses, thereby also precluding Nishitani from raising this issue on appeal. *Quincy v. Joint School District No. 41, supra.* Parenthetically, we note that Nishitani did move for nonsuit or directed verdict at the close of the evidence, concerning his affirmative defenses, and that motion was denied. However, Nishitani does not challenge the denial of that motion on this appeal.

### IV. Attorney Fees at Trial

Nishitani also contends the award of attorney fees to Mrs. Briscoe by the trial court was inappropriate. The fees had been requested under the "prevailing party" provision of I.C. § 12–121. Nishitani argues, without citing authority, that the fees should not have been awarded without a finding that the case was defended frivolously, unreasonably, or without foundation, as is now required by I.R.C.P. 54(e)(1), even though this case was filed before the effective date of the rule. *See* I.R.C.P. 54(e)(9). Nishitani rationalizes that rule 54(e)(1) was simply the enactment of previous interpretations of I.C. § 12–121. We disagree.

■ Contrary to Nishitani's suggestion, our Supreme Court has held that, as to cases filed prior to adoption of rule 54(e)(1),

a trial court could award attorney fees to the prevailing party in its discretion, without the limitations now stated in the rule. *Quincy v. Joint School District No. 41, supra.* The trial court here was therefore free to make an award of attorney fees in its discretion, without making the findings presently required by I.R.C.P. 54(e)(1). Upon request, we could review such an exercise of discretion; however, Nishitani has presented no showing or argument addressing the trial court's exercise of discretion, except to argue the application of the standards in rule 54(e)(1). We therefore uphold the exercise of that discretion.

### V. Attorney Fees on Appeal

Finally, both parties request an award of attorney fees on this appeal. We decline to make such an award to the appellant, Nishitani, in as much as he has not prevailed on this appeal. With respect to the respondent, Mrs. Briscoe, we are guided by the principles set forth in *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979). By that authority, attorney fees on appeal will not be awarded where the losing party brings the appeal in good faith and where a genuine issue of law is presented, unless the appellate court is left with an abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably, or without foundation.

■ This case presented a significant legal issue concerning the admission of evidence at trial. We are not left with the abiding belief that this appeal was brought. or pursued frivolously, unreasonably or without foundation. Accordingly, we conclude that attorney fees should not be awarded to Mrs. Briscoe, albeit she prevailed on this appeal.

The judgment of the district court is affirmed. Costs to respondent.

SWANSTROM and BURNETT, JJ., concur.