693 P.2d 1124

**Donald R. NEWMAN,
Plaintiff-Respondent,**

v.

**ASSOCIATED SYSTEMS, INC., an Idaho corporation, and Associated Distributing and Leasing, Inc., an Idaho corporation; and James F. Wallace, President, Defendants-Appellants.**

**No. 14899.**

Court of Appeals of Idaho.

Jan. 4, 1985.

D. Duff McKee, McKee, Harwood & McColl, Boise, for defendants-appellants.

Max A. Eiden, Clemons, Cosho & Humphrey, Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

This suit for an accounting was commenced by Donald Newman, a former shareholder in two Idaho corporations. The complaint alleged the corporations and their president failed to pay Newman pursuant to an agreement when an asset belonging to one of the corporations was sold. The district court entered judgment on behalf of Newman and the defendants appeal. We affirm.

Newman, James Wallace, and others were shareholders in Associated Systems,

Inc. and Associated Distributing and Leasing, Inc. In December 1973, Newman entered into a stock redemption agreement with the corporations and Wallace. Newman received cash for his shares in the corporations and also agreed to a deferred payment to be due when a "Brown Palace" condominium in McCall owned by Associated Systems was sold. The pertinent provision of the stock redemption agreement provided that Newman would receive "one-half of the net realized gain from the sale of the Brown Palace Condominium." That provision is as follows:

It is understood of the parties that this property has been listed for sale. When sold, and after allowance of a mortgage indebtedness against the property, sales commissions and expenses of sale, closing costs, proration of taxes and cash advances by Associated Systems from the date of this agreement attributable to the maintenance of the McCall Condominium, mortgage interest, assessments, etc., one-half of the net realized gain shall be paid to the Newmans. Payment of said one-half interest shall be made as and when payment is received by Associated Systems, Inc., from the purchaser of the condominium. Associated Systems shall continue to be responsible for all mortgage payments, assessments and expenses attributable to the property from the date of this agreement until the property is sold and shall recover such sums as are advanced out of the proceeds of sale.

After Newman discovered that the condominium was sold in 1974, he requested an accounting and his share of the sale proceeds. Associated Systems and Wallace did render an accounting. Because they construed "net realized gain" to mean sales price minus basis (the amount paid for the condominium) and minus the deductions enumerated in the paragraph quoted above, their accounting reflected a loss rather than a gain on the sale. Thus, under the accounting proposed by the defendants, nothing was owed to Newman. Newman maintained "net realized gain" meant the net proceeds (sales price minus liens

against the condominium and the enumerated deductions) realized from the sale. Under his proposed accounting, Associated Systems owed Newman $6504.18 plus interest. Following a non-jury trial, the trial court found the parties intended at the time of the stock redemption agreement to give "net realized gain" the definition proposed by Newman. The issue on appeal is whether the trial court correctly determined the meaning of "net realized gain" in the stock redemption agreement.

A contract provision is ambiguous if it is reasonably subject to conflicting interpretations. *International Engineering Company v. Daum Industries*, 102 Idaho 363, 630 P.2d 155 (1981). If unclear language is used, resolution of the ambiguity created is a question of fact. *Id.* Where interpretation of the parties' agreement is a question of fact, the trial court's findings will not be set aside on appeal unless they are clearly erroneous. *Id.*; I.R.C.P. 52(a). A finding is not clearly erroneous if it is supported by substantial and competent, although conflicting evidence. *Bengochea v. Bengochea*, 106 Idaho 188, 677 P.2d 501 (Ct.App.1984).

Because "net realized gain" as used in the agreement is reasonably subject to differing interpretations, the provision is ambiguous. After hearing evidence, the trial court determined "net realized gain" was intended by the parties to mean "net realized gain or equity that the defendant realized from the sale of the Brown Palace condominium." Our examination of the record reveals substantial and competent, albeit conflicting, evidence to support the court's findings. The finding of the trial court regarding the parties' intent is therefore not clearly erroneous and it will not be disturbed on appeal.

The trial court awarded, pursuant to I.C. § 12–121, attorney fees to Newman. Associated Systems maintains Newman is not entitled to recover attorney fees because the trial judge failed to make written findings, as required by I.R.C.P. 54(e)(2), as to the basis for awarding such fees. I.R.

C.P. 54(e)(1) prevents a trial judge from awarding attorney fees under I.C. § 12–121 unless the case was brought, pursued or defended frivolously, unreasonably or without foundation. However, this rule is inapplicable to an action filed prior to March 1, 1979. *City of Nampa v. McGee*, 104 Idaho 63, 656 P.2d 124 (1982). Because this action was filed in December, 1978, the trial court could award attorney fees to the prevailing party in its discretion, without the limitations now stated in the rule. *Briscoe v. Nishitani*, 105 Idaho 175, 667 P.2d 278 (Ct.App.1983). We cannot say the court abused its discretion by awarding attorney fees to Newman.

Newman also asks for attorney fees on appeal. Because we do not believe the appeal was brought, pursued or defended frivolously, Newman is not entitled to attorney fees on appeal. *See Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979).

The judgment of the trial court is affirmed. No attorney fees on appeal. Costs to respondent, Newman.

SWANSTROM and BURNETT, JJ., concur.