708 P.2d 904

**Teresa KADOCH, Plaintiff-Respondent,**

**v.**

**Daniel JENKINS, Defendant-Appellant.**

**No. 15674.**

Court of Appeals of Idaho.

Oct. 17, 1985.

Daniel Jenkins, pro se.

Teresa Kadoch, pro se (submitted a brief but did not argue).

McFADDEN, Judge Pro Tem.

This dispute arises from an automobile accident in a supermarket parking lot. Teresa Kadoch brought a small claims action against Daniel Jenkins to recover damages to her car. After hearing, the magistrate entered judgment for Kadoch. Jenkins appealed to the district court where a de novo trial was held. The district court

found that Jenkins was eighty percent negligent and that Kadoch was twenty percent negligent in causing the accident. The court awarded Kadoch $395.71 net in damages and Jenkins appealed to this court. Jenkins presents several issues which can be consolidated into two questions: (1) Was a diagram of the accident scene properly admitted into evidence? (2) Was the evidence sufficient to support the judgment? We affirm the judgment of the district court.

The accident occurred when Kadoch and Jenkins were backing out of their respective parking spaces on opposite sides of a traffic lane in the parking lot. The crucial facts are in dispute. Kadoch contends that she backed out of her space, then stopped to put on her seat belt and shift into a forward gear. She alleges that Jenkins backed out of his space and struck her driver's side door while she was stopped. Jenkins maintains that while he was slowly backing out of his space, he noticed Kadoch was also backing out of hers. He insists that he stopped and she backed into his truck. After a discussion as to who was responsible for the accident, Jenkins left the scene. Kadoch later reported the accident to the police. An officer responded and completed an accident report based on information provided by Kadoch.

Jenkins first argues that Kadoch's diagram of the accident should not have been admitted into evidence. He contends that the diagram was nothing more than a reproduction of a drawing contained in the police report and, as such, should have been precluded under I.C. § 49–1511. Section 49–1511 states in pertinent part that a police accident report "shall [not] be referred to in any way, nor be any evidence of the negligence or due care of either party, at the trial of any action at law to recover damages." *See Owen v. Burcham,* 100 Idaho 441, 599 P.2d 1012 (1979).

■ The diagram admitted into evidence was on a plain sheet of white paper and bears no similarity to the Officer's Report of Motor Vehicle Accident Form. Although the officer's report was contained in the small claims court records, the report was not offered nor admitted into evidence in the district court trial. The admitted diagram exhibits none of the other information normally contained in an accident report. The restriction on accident reports was intended to preclude the introduction of inadmissible information contained in the report such as "hearsay, conclusions and speculations of the officer, criminal charges made, and other materials...." *Leliefeld v. Johnson,* 104 Idaho 357, 369, 659 P.2d 111, 123 (1983). The similarity between the two sketches may be attributed to the fact that Kadoch was the source of information for both diagrams. Only Kadoch remained at the scene to provide the police officer with information as to how the accident occurred. We find no error in the diagram's admission.

■ Jenkins also argues on appeal that the district court made erroneous findings of fact based on the conflicting testimony of the parties. The credibility and weight to be given evidence are within the providence of the trier of fact. Findings of fact by the trial court will not be set aside unless clearly erroneous. *Pointner v. Johnson,* 107 Idaho 1014, 695 P.2d 399 (1985); I.R.C.P. 52(a). Findings of fact are not clearly erroneous if they are supported by competent and substantial, albeit conflicting, evidence. *Newman v. Associated Systems, Inc.,* 107 Idaho 922, 693 P.2d 1124 (Ct.App.1985). Although the record contains conflicting evidence, our examination reveals substantial and competent evidence to support the trial court's findings. The court questioned both parties concerning the events of the accident. The court found Kadoch's version of the accident to be more credible.

The findings of the trial court are not clearly erroneous and will not be disturbed on appeal. The judgment of the trial court is affirmed. Costs to Kadoch and no attorney fees on appeal.

SWANSTROM and BURNETT, JJ., concur.