721 P.2d 731

**Robert FARBER and Carol Farber, husband and wife, Plaintiffs-Respondents,**

v.

**William E. HOWELL and Mary J. Howell, husband and wife, Defendants-Appellants.**

**No. 15724.**

Court of Appeals of Idaho.

June 25, 1986.

William Howell and Mary Howell, pro se.

Christopher Clark and C. Ben Martin of Martin, Chapman, Park & Burkett, Boise, for plaintiffs-respondents.

SWANSTROM, Judge.

Robert and Carol Farber commenced suit in 1979 to recover a deficiency judgment from William and Mary Howell following a foreclosure of a deed of trust and trustee's sale of two parcels of land. A default judgment was entered against the Howells. On an appeal by the Howells, the Supreme Court ordered that the default judgment be set aside.[1] When the case was returned to the trial court, the Howells disputed the claim for a deficiency in any amount. The parties could not agree as to the fair market value of the property at the time of the trustee's sale. Evidence was submitted to the court on this issue. The court then determined the fair market value to be $8,500 and the deficiency to be $1,425.54. Costs of the sale ($202.72), interest ($1,527.80), attorney fees ($3,492) and costs of suit ($495) were also awarded to the Farbers resulting in a total judgment of $7,143.06. The Howells appeal, contending that the trial court gave undue weight to the testimony of one expert witness over another and incorrectly applied the provisions of I.C. § 45–1512. The Howells also contend that the district court erred in its

---

1. *See Farber v. Howell,* 105 Idaho 57, 665 P.2d  1067 (1983).

award of attorney fees. They argue that the award is excessive and erroneous. We affirm the judgment.

■ At trial, two appraisers testified as to the fair market value of the two parcels of property subject to the deed of trust. One witness appraised the two lots at $6,550. The other expert appraised the property at $10,000 to $11,000. Conflicting evidence was also presented regarding the effect on value of water availability and street improvements to the lots. The trial court found that the fair market value of both lots at the time of the foreclosure sale was $8,500.

Determining the credibility of witnesses and weight of their testimony is for the trier of fact. *Case of Graham*, 103 Idaho 824, 654 P.2d 1377 (1982). A trial court is not bound to adopt either appraisal completely; it may set the award at intermediate figures between the two amounts. *See Hunt v. Mayr*, 107 Idaho 129, 686 P.2d 74 (1984). A trial court's findings of fact will not be disturbed unless they are clearly erroneous. *See* I.R.C.P. 52(a); *Price v. Aztec Limited, Inc.*, 108 Idaho 674, 701 P.2d 294 (Ct.App.1985). Clear error will not be found where findings are supported by substantial and competent, although conflicting, evidence. *Newman v. Associated Systems, Inc.*, 107 Idaho 922, 693 P.2d 1124 (Ct.App.1985). We decline to disturb the findings of the trial court as they are supported by substantial evidence.

■ It is next asserted by the Howells that the trial court misapplied I.C. § 45–1512. Idaho Code § 45–1512 provides as follows:

At any time within 3 months after any sale under a deed of trust, as hereinbefore provided, a money judgment may be sought for the balance due upon the obligation for which such deed of trust was given as security, and in such action the plaintiff shall set forth in his complaint the entire amount of indebtedness which was secured by such deed of trust and the amount for which the same was sold and the fair market value at the date of sale, together with interest from

such date of sale, costs of sale and attorney's fees. Before rendering judgment the court shall find the fair market value of the real property sold at the time of sale. *The court may not render judgment for more than the amount by which the entire amount of indebtedness due at the time of sale exceeds the fair market value at that time, with interest from date of sale, but in no event may the judgment exceed the difference between the amount for which such property was sold and the entire amount of the indebtedness secured by the deed of trust.* [Emphasis added.]

The Howells draw our attention to the fact that the entire judgment ($7,143.06), including attorney fees and interest, exceeds the difference between the fair market value of the property ($8,500) and the amount of principal indebtedness ($9,925.54) owing on the note.

Idaho Code § 45–1512 allows for a money judgment to be entered against the grantor of a deed of trust after foreclosure by trustee sale "for the balance due upon the obligation for which such deed of trust was given as security,...." In this case, as of the date of sale, the balance due was a total of $10,781.86, including $9,925.54 principal and $856.32 unpaid interest. The statute also requires the plaintiff seeking a deficiency to "set forth in his complaint the *entire amount of indebtedness* which was secured by such deed of trust ... together with interest from such date of sale, costs of sale and attorney's fees." (Emphasis added.) This language reasonably implies that the judgment to be entered may include interest accrued from the date of sale, costs of sale and attorney fees. In some instances, the "entire amount of indebtedness ... secured by such deed of trust" may also include such items as "taxes, assessments, premiums for insurance or advances made by a beneficiary in accordance with the terms of the deed of trust, ...." I.C. § 45–1506(12). Section 45–1507 tends to support the view that the costs of sale, including a reasonable charge by the trustee and a reasonable attorney fee may

be included in the judgment obtained under § 45–1512, because § 45–1507 directs the trustee to apply the proceeds of a trustee's sale to such items first, and then to "the obligation secured by the trust deed." Similar authorization is set forth in the deed of trust signed by the Howells.

Giving a reasonable construction to these sections of the Idaho Code, *i.e.*, §§ 45–1506(12), 45–1507 and 45–1512, it is clear that expenses of the trustee's sale, including a reasonable charge by the trustee and a reasonable attorney's fee incurred up to the time of sale are recoverable by the beneficiary in an action to obtain a deficiency judgment. As to the interest accrued from the date of sale, § 45–1512 explicitly allows such interest to be calculated on and added to any deficiency remaining after subtracting the fair market value. As a separate item of the judgment, the district court awarded $674.48 as interest accrued from the date of sale to the date of judgment at the rate provided in the promissory note.[2]

As we have already indicated, costs of the trustee's sale and reasonable attorney fees incurred for the purposes *of the sale* are part of the entire amount of indebtedness secured by the deed of trust. Such expenses are recoverable as part of the deficiency judgment. Here, the Farbers set forth in their complaint that they had incurred $207.72 for the cost of the trustee's sale and $582.50 for "attorney's fees in bringing about the Trustee's Sale." The district judge properly included an item in

the judgment for the trustee's costs of the sale in the amount of $202.72 (sic).

Costs of the action for a deficiency and reasonable attorney fees incurred in this action are also recoverable by the prevailing party. Attorney fees were recoverable under the terms of the deed of trust and promissory note, as well as under the provisions of § 45–1512. As the prevailing party, the Farbers were entitled to be awarded their costs under Rule 54(d), I.R.C.P.[3]

While the procedure and form of judgment used in this instance were unusual and make it appear that the "judgment" exceeded the limits of I.C. § 45–1512, in fact, the total relief awarded was within authorized limits. Accordingly, we hold that the Howells have not shown that the district court committed any procedural error that requires reversal or modification of the judgment entered in this case.

We now turn to the Howells' contention that the award of attorney fees was excessive and an abuse of discretion by the trial judge. I.R.C.P. 54(d)(6) states:

Any party may object to the claimed costs of another party set forth in a memorandum of costs by filing and serving on adverse parties a motion to disallow part or all of such costs within 10 days of service of the memorandum of cost. Such motion shall not stay execution on the judgment, exclusive of costs, and shall be heard and determined by the court as other motions under these rules. Failure to timely object to the items in the memorandum of costs shall consti-

---

**2.** The judgment included interest totalling $1,528.80. Of this amount, interest accrued to date of sale was found to be $853.32 and interest from date of sale, July 10, 1979, to date of judgment, August 23, 1984, was calculated to be $674.48. We note that interest from the date of sale was calculated only on $1,425.54, the difference between the principal owing on the note ($9,925.54) and the fair market value as of the date of sale ($8,500). If this was error, it was an error that favored the Howells.

**3.** Normally, such expenses are determined separately following the decision of the court or the entry of judgment. Rule 54(d)(5), I.R.C.P. The order settling costs and attorney fees, if any, is entered after a "hearing on an objection to a

memorandum of costs, or after the time for filing an objection has past, ...." Rule 54(d)(7), I.R.C.P. That procedure was not followed in this case.

Here, the record shows that the district court simply included such costs and attorney fees in the judgment entered two days after the submission of the Farbers' cost bill. Although the affidavit for attorney fees submitted by the Farbers' counsel separately showed $510 as the amount of fees incurred for the trustee's sale, the judgment did not separate such fees from the total fees allowed in the action; nevertheless, it is plain that by awarding the total requested fees the court included this component.

tute a waiver of all objections to the costs claimed.

Rule 54(e)(6), I.R.C.P., provides that any objection to the allowances of attorney fees "shall be made in the same manner as an objection to costs as provided by Rule 54(d)(6)." The record fails to establish that the Howells filed an objection within ten days of the service of memorandum of costs or anytime thereafter. The failure to object results in a waiver of the right to contest any award within the amount stated. *Conner v. Dake*, 103 Idaho 761, 653 P.2d 1173 (1982); *Fearless Farris Wholesale, Inc. v. Howell*, 105 Idaho 699, 672 P.2d 577 (Ct.App.1983). We must hold that such a waiver occurred in this case.

■ At oral argument the Howells contended that Rule 54(d)(6) requiring an objection to costs and attorney fees within ten days works to deny due process and, therefore, the rule is unconstitutional. No citations supporting the general assertion were furnished. The Howells must show that the specific rule violates either the Idaho or United States Constitution. *See, e.g., Hill v. State Department of Employment*, 108 Idaho 583, 701 P.2d 203 (1985). This they have failed to do.

As we have noted before, the purpose of Rule 54(d)(6) is to enable the trial court to expeditiously rule upon the objections and conclude a case by providing a deadline for informing the court of any objections to attorney fees claimed in the memorandum of costs. *Operating Engineers Local Union 370 v. Goodwin Construction Company of Blackfoot*, 104 Idaho 83, 656 P.2d 144 (Ct.App.1982). Here, in spite of procedural irregularities, the Howells were not deprived of the opportunity to object to costs and attorney fees. They have merely been constrained by certain time limitations stated in the rule. The rule provides notice and an opportunity to be heard and to present objections before the trial court. The record does indicate that a copy of the memorandum of costs and attorney fees was served on the Howells' counsel personally. Thus, the Howells had ten days following such service to object to the costs and attorney fees awarded in the judgment. When an opportunity to be heard is granted to a complainant, which is not exercised, that complainant cannot later plead a denial of due process. *United Nuclear Corp. v. General Atomic Co.*, 96 N.M. 155, 629 P.2d 231 (1980), *appeal dismissed*, 451 U.S. 901, 101 S.Ct. 1966, 68 L.Ed.2d 289 (1981). In any event, for the reasons stated, we are not persuaded that the challenge to the rule, or to its application here, on due process grounds has any merit.

■ Finally, the Farbers have requested attorney fees on appeal pursuant to both I.C. § 12–120(2) and 12–121. We are required to award them. The promissory note states: "If suit is brought to collect this note or should this note be placed with an attorney for collection, the holder of this note shall be entitled to collect all reasonable costs and expenses of suit and reasonable attorneys' fees." Idaho Code § 12–120(2) provides that the prevailing party in a civil action to recover on a note shall be allowed a reasonable attorney fee to be set by the court. This statute has been held to apply to appeals as well as to trial court litigation. *Cheney v. Smith*, 108 Idaho 209, 697 P.2d 1223 (Ct.App.1985). The note mandates an award of attorney fees, thus, we hold that the Farbers are entitled to reasonable attorney fees in this appeal, provided that they comply with I.A.R. 40 and 41. Any objections the Howells may have to a claim for such costs and fees must be filed as provided in I.A.R. 40.

The judgment is affirmed. Costs and attorney fees to respondents, the Farbers.

BAKES and McFADDEN, JJ., Pro Tem., concur.