908 P.2d 1252

**John Wallace HOOPER, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

Nos. 21571, 21853.

Court of Appeals of Idaho.

Dec. 11, 1995.

Petition for Review Denied Jan. 23, 1996.

John Wallace Hooper, Boise, pro se appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

WALTERS, Chief Judge.

In these consolidated appeals, John Hooper seeks review of the district court's order denying his application for post-conviction relief (case no. 21571), and of the court's order denying his claim of exemption of his funds from a writ of execution to satisfy a judgment entered for attorney fees incurred by the state in responding to the application for post-conviction relief (case no. 21853). We affirm both orders.

## Background

Hooper is an inmate who is serving a thirty-year enhanced sentence imposed after he pled guilty to a charge of voluntary manslaughter. *State v. Hooper*, 119 Idaho 606, 809 P.2d 467 (1991). Subsequent to the decision on his direct appeal, Hooper filed an application in April, 1993, for post-conviction relief under Idaho Code § 19–4901. This application alleged ineffective assistance of trial counsel on three grounds: (a) failure to inform Hooper of his right to appeal; (b) coercing him into pleading guilty; and (c) permitting him to suffer double jeopardy. Pursuant to Idaho Code § 19–4906(b), the district court issued notice of its intent to dismiss the application on the basis that the first and third allegations were contravened by the facts in the record and the remaining allegation was bare and conclusory. Following a nonresponsive motion filed by Hooper, the court dismissed the application. Hooper appealed, but the appeal was dismissed on January 5, 1994, for nonpayment of fees to the clerk of the district court.

On June 23, 1994, Hooper filed another application for post-conviction relief, reasserting the same grounds as the first petition and adding the additional grounds that his trial counsel had failed to investigate threats made against the victim by a neighbor and had failed to appeal the double jeopardy issue. The district court dismissed this ap-

plication on the basis that it was a successive petition raising claims that had been adjudicated or should have been raised previously. I.C. § 19–4908. In the dismissal order, the court also allowed costs to the state in the nature of an attorney's fee for responding to Hooper's "repetitive claim which is frivolous and without foundation." Hooper filed a notice of appeal (case no. 21571). Later, when the state sought execution of a judgment for $150 representing the costs allowed by the court, Hooper filed a claim of exemption. The court denied Hooper's claim of exemption and Hooper filed an appeal (case no. 21853) from the order denying that claim.

### Case No. 21571

We address first the question of the dismissal of Hooper's second application for post-conviction relief. Idaho Code § 19–4908 provides:

All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

In *Stuart v. State*, 118 Idaho 932, 801 P.2d 1283 (1990), our Supreme Court addressed this statute, explaining:

Idaho Code § 19–4908 requires that all legal and factual grounds for relief must be raised in the first petition for post-conviction relief. Any grounds for relief not raised are permanently waived if the grounds were known or should have been known at the time of the first petition. Subsequent petitions are allowed if the [applicant] states a sufficient reason for not asserting the grounds in the earlier petition. Hence, there is no absolute pro-

hibition against successive petitions for relief. *Palmer v. Dermitt*, 102 Idaho 591, 635 P.2d 955 (1981).

118 Idaho at 933–34, 801 P.2d at 1284–85.

■ Hooper poses two arguments challenging the district court's dismissal of his second application. First, he contends that the claims in his original petition must have been decided on their "merits" before a subsequent application would be barred. In this regard, he argues that the summary dismissal of the first application on the ground that the allegations therein failed to state a basis for relief was not an adjudication of the merits of his claims. Second, he maintains that the district court erred by not making any finding whether Hooper presented a sufficient reason for failing to raise the second petition's claims in his original application.

■ We are not persuaded that the dismissal of Hooper's second application should be set aside for either of these reasons. With respect to Hooper's first application, Idaho Code § 19–4906(b) permits the district court to dismiss a post-conviction claim, after twenty days notice to the applicant,

> [w]hen the court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings. . . .

In our view, a dismissal under this section clearly operates as a determination that the allegations of the application lack merit. Furthermore, the propriety of such a determination is subject to challenge by the applicant through the appellate process. Here, although Hooper timely filed an appeal from the order denying relief on his first application, the appeal was not pursued but ultimately was dismissed, leaving the district court's order undisturbed as an adjudication of the merits of the first petition. Accordingly, Hooper's contention that he was entitled to file a subsequent application because the district court did not decide the claims in the first petition on their "merits" must be rejected.

Nonetheless, as observed by our Supreme Court in *Stuart*, subsequent petitions are allowed if the applicant states a sufficient reason for not asserting the grounds in the earlier petition. This brings us to Hooper's other argument: that the district court erred by failing to make any finding with regard to the sufficiency, or insufficiency, of reasons to allow the second petition. In this vein, we have reviewed Hooper's second application for relief and do not find where he alleged or set forth any basis upon which the district court could make a finding as to the sufficiency of a reason to allow Hooper to file a successive application. In order to prevent his second application from being dismissed, Hooper had the burden of providing the district court with factual reasons upon which the court could conclude there was a "sufficient reason" why the grounds for relief asserted in his second petition were "not asserted or were inadequately raised in the original, supplemental or amended application." I.C. § 19–4908. This he failed to do. *Compare, Stuart, supra,* (second application set forth facts, with accompanying affidavits, alleging newly discovered information not known to applicant at the time of the filing of the first petition).

Under the circumstances presented, we decline to hold that the district court committed any error by failing to make findings with regard to the sufficiency of reasons for filing a successive post-conviction application. The order dismissing Hooper's second application for relief is affirmed.

### Case No. 21853

As noted earlier, when the district court dismissed Hooper's second application for post-conviction relief, the district court awarded costs including a reasonable attorney's fee to the state for responding to Hooper's petition. *See* I.C. § 12–121; I.R.C.P. 54(e)(1). The state timely filed a memorandum of costs pursuant to I.R.C.P. 54(d)(5) and 54(e)(5) for $150, representing two hours of its attorney's time at the rate of $75 per hour. Hooper did not file any objection to the award or to the amount claimed by the

state as costs, under either I.R.C.P. 54(d)(6) or 54(e)(6), and the court entered a judgment in favor of the state in the amount of $150. The state then obtained a writ of execution directing the Sheriff of Ada County to satisfy the judgment from Hooper's personal property. The Sheriff levied on Hooper's account as an inmate at the penitentiary.

Hooper filed a claim of exemption, asserting that the funds in his account were reasonably necessary for his support, that the garnished funds were wages, and that the seizure of those funds exceeded the limit for garnishment of earnings permitted by Idaho Code § 11–207. Additionally, through a brief, Hooper contended that he had been denied due process because he was not given the opportunity to challenge the assessment of costs.

The state objected to Hooper's claim of exemption on two grounds. First, the state submitted that Hooper's account was not reasonably necessary for his support because, as an inmate, his care was provided for by the department of corrections. Second, the state alleged that the monies levied upon were not attached or garnished from an employer but were part of an account containing commingled funds, rendering the account not subject to exemption under Idaho Code § 11–604(3).

After conducting a hearing on the claim of exemption and objection, the district court denied Hooper's claim and held that the state was entitled to collect the attorney fees awarded by the court from Hooper's inmate account. Hooper then brought this appeal.

■ Hooper challenges the district court's decision in two respects. First, he contends the district court erred in awarding attorney fees to the state without permitting him the opportunity to challenge the state's claim.[1] Second, he maintains the court erred in holding that Hooper's inmate account was not exempt from garnishment under the provisions of Idaho Code § 11–207(1).

■ Hooper's first contention is unmeritorious. The Idaho Rules of Civil Procedure are applicable to proceedings brought under the Uniform Post–Conviction Procedure Act, I.C. § 19–4901 *et seq. State v. Goodrich,* 104 Idaho 469, 660 P.2d 934 (1983). Rules 54(d)(6) and 54(e)(6) provide the mechanism for objecting to awards of costs and attorney fees. Rule 54(d)(6) reads in pertinent part:

Any party may object to the claimed costs of another party set forth in a memorandum of costs by filing and serving on adverse parties a motion to disallow part or all of such costs within fourteen (14) days of service of the memorandum of costs. Such motion ... shall be heard and determined by the court as other motions under these rules. Failure to timely object to the items in the memorandum of costs shall constitute a waiver of all objections to the costs claimed.

The companion rule, I.R.C.P. 54(e)(6), states that "[a]ny objection to the allowance of attorney fees, or to the amount thereof, shall be made in the same manner as an objection to costs as provided in Rule 54(d)(6)." It is well settled that where no objection to a memorandum of costs is filed, the right to further contest the award is waived. *Conner v. Dake,* 103 Idaho 761, 653 P.2d 1173 (1982). Furthermore, because I.R.C.P. 54(d)(5) and 54(e)(5) provide for notice and an opportunity to be heard and to present objections before the trial court, the right to due process has been satisfied. *Farber v. Howell,* 111 Idaho 132, 721 P.2d 731 (Ct.App.1986).

The record shows that Hooper was served with a copy of the court's decision to allow costs to the state for responding to Hooper's second application for post-conviction relief and with a copy of the state's memorandum of costs. Hooper did not file any objection as allowed by the rules of civil procedure. Under these circumstances, we hold that Hooper's right to due process was not denied. *Farber v. Howell, supra.*

1. Except for this argument that he was denied notice and a hearing with regard to the state's request for fees, Hooper has not challenged the district court's authority to award fees or costs against the applicant in a frivolous action brought pursuant to the Uniform Post–Conviction Procedure Act, I.C. § 19–4901 *et seq.*

■ We turn next to the question of whether the funds in Hooper's inmate account were exempt from execution to satisfy the judgment. Hooper argues that Idaho Code § 11–207 limited the garnishment of his inmate account to twenty-five percent of his disposable earnings per week or to the amount by which his disposable earnings exceed thirty times the federal minimum hourly wage, whichever is less. However, we are not persuaded that Hooper is entitled to any protection under Section 11–207.

■ It is well recognized that a debtor's right to exempt property from the claims of creditors is not a common law right but is dependent upon constitutional or statutory allowance. 31 AM.JUR.2d, *Exemptions,* § 2 (1989). Thus, the general rule is that assets are not exempt from the claims of creditors unless specifically exempted by statute. *Id.* Furthermore, a debtor claiming an exemption generally must prove that his claim comes within the exemption provisions. *Id.,* § 367.

Hooper's claim of exemption, which although in writing was not in the form of an affidavit, asserted that

> the garnished funds constitute every penny the plaintiff owns and even though he is a ward of the State, the State DOES NOT provide all that is necessary for life. . . . Further, the garnished funds represent the plaintiff's wages and the amount seized was 100% of the plaintiff's wages and exceeds the statutory maximum of 25% of disposable income or 30 times the federal minimum wage whichever is greater. Seizure of 100% of the plaintiff's wages is clearly in excess of the authority granted by the Writ [of Execution].

In a brief which responded to the state's objection to Hooper's claim of exemption, Hooper alleged that "All of [his] funds are wages earned by working at Corrections Industries at Idaho State Correctional Institution."

■ At the hearing on the state's objection to Hooper's claim, the state presented testimony from an officer with the department of corrections. Based upon the officer's testimony, the district court made a finding that

> the department of corrections provides Mr. Hooper all of the necessities for his support without cost. To qualify as a necessity exemption, the petitioner must show that these funds are reasonably necessary for support. The state's evidence is that all of the petitioner's necessities are provided. He has not provided sufficient facts to rebut that evidence.

An exhibit which disclosed the nature of Hooper's account was also admitted in evidence during the hearing. This document shows the amounts credited into the account during the preceding four months and the disbursements made on Hooper's behalf from the account during the same period. The credits represent two forms of income, one being labelled as: "incoming money outside source" and the other labelled as "incoming correctional industries payroll." The amounts by which these two sources contributed to the account were approximately equal. Thus, the account did not consist solely of wages earned by Hooper from Corrections Industries as he had alleged in his claim of exemption and brief. In fact, the account contained commingled funds. Although Hooper seemed to have asserted a claim of exemption on the ground that the garnished funds in his account were necessary for his support (notwithstanding the district court's ultimate finding to the contrary), Idaho Code § 11–604(3) provides that "The exemptions allowed by this section shall be lost immediately upon the commingling of any of the funds or amounts described in this section with any other funds." Thus a claim of exemption would fail under that statute, in this case.

Hooper's inmate account is similar to a bank account into which earnings may have been deposited. In this regard,

> There is authority that statutorily exempt wages do not lose their exempt status when deposited in a personal checking account, as long as the proceeds of the account are traceable to those wages.

.    .    .    .    .

However, funds deposited in bank accounts and claimed as exempt wages have been found to be nonexempt where: ... it was no longer money due to the debtor for personal services because it had already been paid, and was now payable to the debtor by the bank by virtue of it being held to his credit in the account.

31 AM.JUR.2d, *supra,* § 45 (footnotes omitted). Stated another way,

There is authority that a deposit of exempt funds in a bank does not affect a debtor's exemption, nor change the exempt character of the fund, so long as the source of the exempt funds is reasonably traceable. If it is impossible to separate out exempt funds from nonexempt funds, the general rule is that an exemption cannot lie. This rule has been applied, though not without exception, to a deposit of exempt wages....

On the other hand, other cases hold that once money has been paid to a debtor for his personal services, it loses its exempt character and is instead payable to him by the bank by virtue of it being held by the bank to his credit and his bank account.

*Id.,* § 224 (footnotes omitted).

The record does not demonstrate, nor does Hooper contend, that he undertook any tracing process with regard to his alleged wages. He simply asserted a claim that all of the funds in his account were exempt. In light of the evidence presented in this case, we conclude, as the district court essentially did, that Hooper failed in his burden of proof to show the entitlement to an exemption of his property. Accordingly, we affirm the district court's order denying Hooper's claim of exemption.

### Conclusion

The district court properly denied Hooper's second application for post-conviction relief on the ground that it was prohibited under Idaho Code § 19–4908. The entry of the judgment for costs incurred in responding to Hooper's application for post-convic-

tion relief did not violate due process. Finally, the district court correctly denied Hooper's claim of exemption of his inmate's account from execution to satisfy the judgment entered in favor of the state. Accordingly, the orders appealed from are affirmed.

LANSING and PERRY, JJ., concur.